Dear Mayor Crocker:
This office is in receipt of your opinion request regarding the town of Haynesville. You state that the town council is composed of five members but that one of the councilmen recently moved out of the district that he represents. You present the following questions:
 1. With the councilman's move out of his ward or district, can he vote on ordinances at subsequent council meetings?
 2. If this councilman cannot vote, can the mayor vote on an ordinance to break a tie?
 3. If an ordinance has been properly introduced and read at a meeting, and a vote is called on the ordinance, can one of the councilmen, when it is his turn to vote, move that voting be tabled until the next meeting? If this motion is properly made, seconded, and passed by a majority, is it appropriate to defer this vote until the next meeting?
Your questions are based on the conclusion that the councilman's seat is vacant because he moved out of his district. The town of Haynesville is a Lawrason Act municipality. Under the Lawrason Act, a councilman's position does not automatically become vacant upon his establishing a residence outside the ward to which he was elected.
A vacancy is defined to include when a person elected to, or holding office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding. LSA-R.S. 18:581. The residence or domicile requirements for the position of councilman for the town of Haynesville are that the person shall be an elector of the municipality . . ., LSA-R.S. 33:384, and shall be a resident of the ward from which he is elected if he is elected from a ward. LSA-R.S. 33:385. See, also, Opinion 92-769.
Therefore, a factual determination must be made by the town council as to whether the councilman at issue no longer meets these statutory requirements. Once this is established, the council must declare the position vacant in order to fill that seat.
After the governing authority declares the vacancy, it must appoint a qualified individual to fill the vacancy. If the unexpired term exceeds one year, the governing body must call a special election within ten days of the declared vacancy. LSA-R.S.18:602.
Until such time as this procedure is followed, the councilman in question retains his position and has full voting power on the town council. As stated by this office in Opinion 83-675, [t]he incumbent councilman, for the position which will be vacant, must continue to serve until the vacancy is filled in accordance with R.S. 18:602. Consequently, he may vote on ordinances at subsequent council meetings until his vacancy is declared by the town council and filled in accordance with law.
You ask whether the mayor may vote on an ordinance to break a tie vote. Should the above procedure to declare a vacancy be successful, the concern is that only four members would have full voting privileges on the council, increasing the potential for a tie vote. The requirement that the councilman in question serve until that seat is filled pursuant to LSA-R.S. 18:602 obviates this scenario as a basis for a tie vote. However, because other circumstances may result in a tie vote, we will address this issue generally.
In Opinion 93-441, this office concluded a mayor of a Lawrason Act municipality is not allowed to cast his vote to break a tie vote on an ordinance. While LSA-R.S. 33:405(A)(1) allows the mayor to give the deciding vote in a case where there is an equal division, Opinion 93-441 stated that this provision does not contemplate the passage of ordinances, which is specifically addressed in LSA-R.S. 33:406. That statute, in pertinent part, mandates, no ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
Opinion 93-441 discussed that LSA-R.S. 33:406 only permits the enactment of an ordinance by an affirmative vote of a majority of the board. A mayor's vote cast in the event of a tie would, in effect, result in less than a majority of the board members approving the ordinance. Therefore, the mayor's vote in the event of a tie vote on the passage of an ordinance would not be proper.
Finally, you ask whether a vote in progress by the members on an ordinance may be suspended and tabled until the council's next meeting. The facts as explained by Mr. Daniel W. Newell, attorney for the town, are as follows. With four of the five members having voted on the ordinance question, the fifth member displayed concerns and some confusion over the proposed ordinance. It was suggested that the vote be tabled until the next meeting. That motion was seconded and passed by a majority vote.
Under Robert's Rules of Order, the proper title to this action is to postpone to a certain time. Robert's Rules ofOrder, 9th Edition, § 14, p. 176. The general guidelines to this procedure are:
 1. The subsidiary Motion to Postpone to a Certain Time
takes precedence over the main motion;
 2. Can be applied to most motions except that it cannot be moved after the adoption of a motion to close debate on the main question;
 3. It is out of order when another has the floor;
 4. Must be seconded;
 5. Is debatable;
 6. Is amendable as to the time to which the main question is to be postponed;
 7. Requires a majority vote;
 8. Can be reconsidered.
It appears that these provisions were properly followed in postponing the vote in question.
I trust this addresses your concerns. Please contact this office should your require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: Carlos M. Finalet, III
Assistant Attorney General